RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 9/19/08
BY JPB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANDREW WOLTERS | DOCKET NO. 08-CV-0837; SEC. P |
| VERSUS | JUDGE DRELL |
| FEDERAL BUREAU OF PRISONS, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff ANDREW WOLTERS, filed pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] in the Middle District of Louisiana on May 30, 2008. The case was transferred to this District on June 12, 2008. Plaintiff names as defendants the Federal Bureau of Prisons ("BOP"), Warden Frederick Menifee, Joe Keffer, Director South Central Region Office, Harley G. Lappin, and G. Maldonado, Jr.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### STATEMENT OF THE CASE

Plaintiff is an inmate in the custody of the Federal Bureau of Prisons, and he is housed at the United States Penitentiary in

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

Pollock, Louisiana (USP-P). He is serving a sentence for three counts of bank robbery, two counts of armed bank robbery, and three counts of using or carrying a firearm during a crime of violence. U.S. v. Wolters, 48 Fed. Appx. 258 (9th Cir. 2002). Plaintiff mentions that he was wrongfully prosecuted and convicted because of his knowledge of a federal agent's involvement in the JonBenet Ramsey murder. Plaintiff seeks a "prison release order" and other injunctive relief as well as compensatory, nominal, and punitive damages.

Plaintiff complains that he should be housed in a different dormitory or prison than the one to which he is assigned because he is not a gang member. He complains that, by being housed with gang members, he is subjected to an unreasonable risk of harm and an infringement of his constitutional rights.

In July 2007, Plaintiff filed a request for administrative remedy asking that he be moved into the A-1 Unit of USP-P. The Warden denied relief because the A-1 Unit houses inmates participating in the "Challenge, Opportunity, Discipline, and Ethics Program," of which Plaintiff is not a participant. The Warden informed Plaintiff of the process that every inmate must go through in order to determine if he is eligible for the program. The Regional Director and National Inmate Appeals Administrator upheld the Warden's decision. Plaintiff complained that he was not eligible for that program because he refuses to work at USP-P,

which he considers unconstitutional "slave labor."

Plaintiff filed another request for administrative remedy in November 2007, asking that he be moved to a federal prison facility that has no gang members. Plaintiff also complained that the defendants' real reason for refusing to move him to another dormitory or facility is in retaliation for Plaintiff's refusal to work. In the instant suit, Plaintiff asks that the Court order the BOP to follow its own policy of housing gang members in separate prisons from non-gang members; or, if the BOP does not have such a policy, that the Court order that such a policy be instituted.

Plaintiff mentions in his complaint that he was subjected to a racial slur by a guard in July 2007, and the guard apologized to Plaintiff the next day by providing him with two large pouches of smoking tobacco. Plaintiff claims that a few days later, a guard wrote him up for possession of contraband, and Plaintiff was sanctioned for the violation. Plaintiff filed a subsequent request for administrative procedure seeking to have the incident report expunged due to entrapment. His request was denied.

Plaintiff claims that the acts enumerated above violated his constitutional rights and that he is entitled to punitive, compensatory, and nominal damages, as well a "prison release order." Plaintiff also demands injunctive relief in the form of a court order directing the BOP to enforce and or implement a rule prohibiting gang members from being housed in the same prison as

inmates who are not members of a gang. He also asks that the Court order the BOP to stop forced labor practices.

Plaintiff was ordered to amend his complaint on July 15, 2008, in order to provide the Court with additional, specific information regarding his claims. Plaintiff filed one amended complaint on July 21, 2008 [Doc. #15] and another amended complaint on August 5, 2008 [Doc. #17]. In his amended complaints, Plaintiff alleges that Wardens Menifee and Keffer instructed staff to harass him for his refusal to work and for filing complaints. Plaintiff claims he is harassed by being asked for urine samples several times a month. He also claims that Defendants have entered false information in his prison file, resulting in a higher custody classification level.

## LAW AND ANALYSIS

I. Eighth Amendment

The constitutional standards that apply to convicted prisoners in the United States are well developed. Convicted prisoners are protected by the Eighth Amendment to the United States Constitution, which prohibits the infliction of "cruel and unusual punishments." To establish a violation of the Eighth Amendment, a prisoner must show both (1) a deprivation of a basic human need, Helling v. McKinney, 509 U.S. 25, 31-32 (1993), and (2) deliberate indifference, Wilson v. Seiter, 501 U.S. 294, 303 (1991). The Eighth Amendment mandates 'reasonable' safety, not 'absolute'

safety in prisons. See <u>Newton v. Black</u>, 133 F.3d 301, 307 (5th Cir. 1998).

Plaintiff claims that USP-P is dangerous because it houses gang members and non-gang members. "Prisons are necessarily dangerous places; they house society's most antisocial and violent people in close proximity with one another." <u>Farmer v. Brennan</u>, 511 U.S. 825, 858-89 (J. Thomas, concurring). Despite submitting two amended complaints, Plaintiff has not alleged that he was ever attacked by any other inmate at USP-P or that the defendants failed to protect him from harm at the hands of another inmate. Plaintiff simply alleges that USP-P is a dangerous place, in general. He does not allege or establish the deprivation of a basic human need.

He claims that he received threats from "gangbangers" who were told that he was a snitch. [Doc. #17, p.2] However, he does not allege that he was ever attacked, and he does not present the Court with any specific threats against him. In fact, Plaintiff actually makes threats against others in his amended complaints. He states that he has not been injured, and that he is "not about to wait until he is assaulted." [Doc. #17, p.2] Also, while he complains that he is housed with gang members in violation of Bureau policy and/or the constitution, he openly states that **he has threatened to use "gangbangers" to injure or kill white guards**. [Doc. #15, p.2] He also states that **he and two other inmates were prepared to carry out the threat**. [Doc. #15, p.2 ".... the fact that I and 2 other

inmates were prepared to carry out the threat."] He claims that he can "manipulate gangbangers" and states, "If I'm attacked in any way BOP employees will be attacked." [Doc. #15, p.2, 4 (emphasis added)] He blatantly states, "Even if I were to face the death penalty, it would certainly be worth it." [Doc. #15, p.4]

Plaintiff's allegations do not amount to a failure to protect claim or any other constitutional claim for that matter. Not only is his claim frivolous, but **he has admittedly made threats against federal officers and makes additional threats in these pleadings.**

II. Classification - Sandin

Plaintiff claims that his rights were denied by his being housed in the special housing unit ("SHU")(which Plaintiff states does not house gang members). In other areas of his pleadings, Plaintiff complains that officials refused to house him apart from gang members. [Doc. #17, p.2] Plaintiff also complains that USP-P officials refused to house him in the A-1 housing unit. However, according to documents submitted by him, Plaintiff is ineligible to participate in the program that would allow him to reside in that housing unit. Plaintiff complains, even further, that he should be housed at a different institution altogether.

Plaintiff does not have a constitutional right to be housed at a particular institution. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Moreover, Plaintiff does not have a right to a particular housing assignment at USP-P. In general, inmates do not have a

protected property or liberty interest in their custodial classifications. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir.), *cert. denied*, 488 U.S. 985 (1988).

Plaintiff complains about being confined to the SHU. In Sandin v. Conner, 515 U.S. 472 (1995), the Court found that an inmate did not have a liberty interest protecting him from a thirty-day assignment to segregated confinement because it was not a dramatic departure from the basic conditions of the inmate's confinement. Sandin at 485. In light of Sandin, the Fifth Circuit has held that, absent extraordinary circumstances, placement in administrative segregation housing will never be a ground for a constitutional claim. Martin v. Scott, 156 F.3d 578, 580 (5th Cir.1998). Plaintiff has not shown that his confinement in the special housing unit, or any other housing unit for that matter, was an atypical and significant hardship in relation to ordinary prison life. Thus, he had no protected liberty interest in his housing assignment.

III. Work Requirement

Plaintiff states that he has refused to work because he believes it would be forced labor or slavery, which is unconstitutional. It has long been held that inmates can be compelled to work and are not legally entitled to be paid for that work. As the United States Fifth Circuit Court of Appeals has

noted: "Compelling an inmate to work without pay is not unconstitutional. The thirteenth amendment specifically allows involuntary servitude as punishment after conviction of a crime, see U.S. Const. amend XIII, §1...." Murray v. Mississippi Dept. of Corrections, 911 F.2d 1167, 1167-68 (5th Cir. 1990)(citations omitted and emphasis added); see also Loving v. Johnson, 455 F.3d 562, 563 (5th Cir. 2006).

IV. Disciplinary Convictions - Heck

Plaintiff claims that the defendants have written "false incident reports for rioting, assault/murder, possession of weapons, refusing to work, threatening staff, and so many more...." [Doc. #17, p.2] He also alleges that he was falsely charged and convicted for having tobacco in his cell.

The Supreme Court has held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been [set aside]. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983." Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). The Supreme Court has extended Heck to prison disciplinary proceedings, concluding that claims for damages and declaratory relief that necessarily imply the invalidity of the punishment imposed in a disciplinary

conviction are not cognizable in a 42 U.S.C. §1983 proceeding. See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997). Plaintiff was ordered to amend his complaint to show whether his disciplinary conviction(s) had been set aside. Despite filing two amended complaints, Plaintiff failed to address this issue. Since success in this suit would implicate the validity of those charges, Plaintiff's claim is barred by Heck.

To the extent that Plaintiff claims that the "false" reports increased his custody classification, his claim is frivolous. A prison inmate does not have a protected liberty or property interest in his custodial classification, and his disagreement with his classification by prison authorities is insufficient to establish a violation of his constitutional rights. See Wilson v. Budney, 976 F.2d 957 (5th Cir. 1992); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995); Penigar v. Defoor, 2002 U.S. Dist. LEXIS 19934 (D. Tex. 2002).

## Conclusion

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED as frivolous and for failing to state a claim for which relief can be granted** under 28 U.S.C. §1915(e)(2)(b).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _19th_ day of _September_, 2008.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE