RECEIVED
IN ALEXANDRIA, LA
APR 26 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ANDREW WOLTERS | DOCKET NO. 08-CV-0837; SEC. P |
| VERSUS | JUDGE DRELL |
| FEDERAL BUREAU OF PRISONS, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff ANDREW WOLTERS, filed pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] in the Middle District of Louisiana on May 30, 2008. The case was transferred to this District on June 12, 2008. Plaintiff names as defendants the Federal Bureau of Prisons ("BOP"), Warden Frederick Menifee, Joe Keffer, Director South Central Region Office, Harley G. Lappin, and G. Maldonado, Jr. Plaintiff's complaint was dismissed with prejudice. On appeal, the Fifth Circuit affirmed on all but one issue. The Fifth Circuit remanded on the issue of whether the defendants filed false disciplinary reports against Plaintiff in retaliation for his filing grievances against them.

### Amended Complaint Following Remand

Plaintiff was ordered to amend his complaint to describe what

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

disciplinary charges were brought against him, by whom, and why. Plaintiff responded that the prison staff was instructed by the defendants to write false incident reports against him because he filed "a small number of grievances" against them challenging "forced labor practices, failure to protect practices, and retaliatory practices." Plaintiff could not state the name of any specific officer that allegedly wrote a report and claimed that "Plaintiff received so many false incident reports that he could not keep track of all of them." [Doc. #46, p.5]

The only specific example of Plaintiff receiving a disciplinary report was in the original Complaint. Plaintiff alleged that he was subjected to racial discrimination by a guard. A few days later, the guard apologized to Plaintiff by giving him two pouches of tobacco. However, another staff member made sexual advances and when Plaintiff refused the advances, his tobacco was confiscated and he was written up for possession of contraband. Plaintiff alleges that, when he reported that the contraband had come from the guard, he was written up for lying. [Doc. #1]

The Fifth Circuit has stated, "To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). To state a claim of retaliation an inmate must allege: (1) the invocation of a specific constitutional right; (2) Defendants' intent to retaliate against him for his exercise of

the right; (3) a retaliatory adverse act; and (4) causation. See Morris v. Powell, 449 F.3d 682, 684 (5th Cir. 2006). Plaintiff must be prepared to establish that, but for the retaliatory motive, the complained of incident - such as the filing of disciplinary reports as in the case at bar - would not have occurred. This places a significant burden on the inmate. See Woods, 60 F.3d at 1166. When an inmate claims that he has been the subject of retaliation, he must allege facts, not merely conclusions, in support of such claims. Whittington v. Lynaugh, 842 F.2d 818 (5th Cir. 1988).

Plaintiff claims to be the victim of retaliation by asserting that the numerous disciplinary reports against him were false. However, he only identified a single incident involving tobacco, which he does not deny was in his possession. Plaintiff's unsubstantiated allegation of "numerous" disciplinary reports and his conclusory claim that the disciplinary report was in retaliation for his filing a grievance is insufficient to state a claim. Plaintiff has not alleged that, but for the grievances, he would not have received the disciplinary reports. He does not deny that he was guilty of the single offense he has described - possession of contraband. Plaintiff must allege more than his personal belief that he is the victim of retaliation. Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999)(citations omitted).

Finally, even if the Defendants had a retaliatory motive, the Fifth Circuit has cited a District of Columbia Circuit Court case

holding that an inmate's retaliation claim must allege acts that "would chill or silence a person of ordinary firmness from future First Amendment activities." Morris, 449 F.3d at 687 (quoting Crawford-El v. Britton, 93 F.3d 813, 826 (D.C.Cir. 1996)(en banc), vacated on other grounds, 523 U.S. 574 (1998)). The "false" disciplinary report(s) did not deter Plaintiff from filing grievances, from filing suit, or even from making numerous threats against the BOP officers in his suit. Plaintiff was not clearly not "chilled" or "silenced" in the least. Like the rest of Plaintiff's claims that were previously dismissed, this claim is without merit.

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's single remaining claim – retaliation – be **DENIED and DISMISSED** with prejudice.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal**

Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of April, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE